UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA MAHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | Case No: 2010-426-KD-M |
| | * | |
| LCA COLLECTIONS, | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, LCA Collections, a division of Laboratory Corporation of America ("LabCorp"), pursuant to Fed. R. Civ. P. 12(b)(6), requests this Court enter an order dismissing the Amended Complaint with prejudice. The grounds for this motion are set out below in the incorporated Memorandum of Law.

**Memorandum of Law**

I. **BACKGROUND AND ALLEGATIONS OF THE COMPLAINT**

Plaintiff's claims against LabCorp are based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA" or the "Act"). Plaintiff claims that LabCorp sent her two communications attempting to collect debts for laboratory services that allegedly violated the FDCPA by failing to include certain language described in 15 U.S.C. §1692g(a) and 1692e(11). The communications on which Plaintiff bases her claim are attached as Exhibit A and Exhibit B. Both relate to certain laboratory testing services LabCorp performed on behalf of Plaintiff.

More specifically, Plaintiff has attached to her Amended Complaint the following documents:

- As Exhibit A, a September 10, 2009, invoice on Account No. 26140597 for $145.27, from "LCA Collections, A Division of Laboratory Corporation of America," for services provided to Erica Mahan on July 14, 2009.  The invoice includes a payment coupon, which indicates that web payment options are available at www.labcorp.com/billing.

- As Exhibit B, an October 1, 2009, invoice on Account No. 26140597 for $145.72, from "LCA Collections, A Division of Laboratory Corporation of America," for services provided to Erica Mahan on July 14, 2009.  The invoice includes a payment coupon, which indicates that web payment options are available at www.labcorp.com/billing.

In Counts I and II, Plaintiff claims that LabCorp violated the FDCPA by sending her the invoices attached to her Amended Complaint as Exhibits A and B because they did not include (1) language described in 15 USC §1692g(a) stating that the consumer can dispute the validity of the debt, or (2) language described in 15 USC §1692e(11) stating that the collection agency is a debt collector.[1]   (*See* Amd. Complaint, ¶¶15-17)  As a result, Plaintiff alleges that LabCorp violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(14), 15 U.S.C. §1692g, and 15 U.S.C. §1692j.  (*See* Amd. Complaint, ¶¶20). In Counts III and IV, Plaintiff seeks certification of an unknown class of persons who she contends have also allegedly been subjected to similar collection activity in violation of the FDCPA.

As a threshold matter underlying her claims, Plaintiff alleges that LabCorp was acting as a "debt collector", as that term is defined in the FDCPA.  (*See* Amd. Complaint, ¶7).  This

---

[1] Plaintiff does not allege that LabCorp contacted her in an abusive or otherwise harassing manner.  Nor does Plaintiff allege that she took any steps to address the status of the debt by, for example, contacting LabCorp to indicate to whom a bill should be sent, if not to Plaintiff herself.

2

allegation is critical to the viability of Plaintiff's claims because, as explained at length below, all but one of the prohibitions of the Act purportedly violated by LabCorp apply only to statutorily defined "debt collectors."  Creditors, like LabCorp, who are attempting to recoup money owed to it for a service it actually rendered, are not "debt collectors" under the FDCPA.

Because LabCorp is not a "debt collector," Plaintiff has also alleged a violation of 15 U.S.C. §1692j, which is generally applicable to all "persons" rather than exclusively to "debt collectors."  However, caselaw interpreting the provision, coupled with its legislative history, indicate that it only applies to situations were a third party provides a creditor with a form dunning letter to use in creating a "false belief" of third-party involvement; it does not apply to a creditor simply attempting to collect on its own debt, particularly in this case.

## II.   SUMMARY OF THE ARGUMENT

Plaintiff's putative FDCPA claims against LabCorp fail to state a claim because the allegations of the Amended Complaint, coupled with Exhibits A and B, clearly demonstrate that LabCorp is *not* a "debt collector" as that term is defined by the Act, and, thus, is not subject to the Act's prohibitions or affirmative requirements.  Moreover, Plaintiff has failed to state a claim against LabCorp for a violation of 15 U.S.C. §1692j because the statute only applies where a third-party provides a dunning letter to a debtor, and because, as demonstrated on the face of Exhibits A and B, LabCorp did not create any false belief or engage in any deception by sending the invoices to Plaintiff.

Finally, because Plaintiff herself cannot state a claim against LabCorp, she cannot represent the putative class of similarly situated persons.  The Complaint should be dismissed, with prejudice, in its entirety.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

#### A. *Legal Standard under Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6), FED. R. CIV. P., is designed to eliminate counts or complaints that fail to state a claim upon which relief may be granted. As such, this Court must accept as true all allegations in the Complaint and must construe those allegations in the light most favorable to the plaintiff. *See Lopez v. First Union Nat'l Bank of Fla.,* 129 F. 3d 1186, 1189 (11th Cir. 1997). This Court need not, however, accept facts that are internally inconsistent, facts that run contrary to those of which this Court may take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions. "If the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." *Sazerac Co., Inc. v. Falk,* 861 F. Supp. 253, 257 (S.D.N.Y. 1994). Further, regardless of the facts alleged, this Court may dismiss a complaint on the basis of a dispositive issue of law. *See Marshall County Bd. of Ed. v. Marshall County Gas Dist.,* 992 F. 2d 1171, 1174 (11th Cir. 1993).

#### B. *Plaintiff's FDCPA Claim Asserted Against LabCorp is Barred by the Clear Language of the Act*

Plaintiff's FDCPA claim should be dismissed because LabCorp is not a "debt collector" as defined by the FDCPA and, therefore, is not subject to its requirements. Indeed, central to Plaintiff's FDCPA claim is her assertion that LabCorp *is* a "debt collector" as that term is defined under the FDCPA. (Amd. Complaint, ¶ 7). It is well settled that "the definition of 'debt collector' does not include a creditor collecting his own debts so long as the employee acting on behalf of the creditor does not indicate that [he] works for a third person." *Kempf v. Famous*

*Barr Co.,* 676 F. Supp. 937, 938 (E.D. Mo. 1988).  Exhibits A and B establish that LabCorp was not a debt collector and that it never gave the impression of third party involvement.

### 1. Elements of the FDCPA

To prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt,[2] (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-62 (S.D. Fla. 2000).

Plaintiff cannot prove the second element of an FDCPA claim, which is clear from the allegations of the Complaint.  The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [t]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. §1692(a)(6).  "Thus, by its terms, the FDCPA limits its reach to those collecting the debts *'of another'* and does not restrict the activities of creditors seeking to collect their own debts."  *Bleich v. Revenue Maximization Group, Inc.,* 239 F. Supp. 2d 262 (E.D.N.Y. 2002)(emphasis added), citing *Maguire v. Citicorp Retail Servs., Inc.,* 147 F. 3d 232, 235 (2d Cir. 1998).  Stated simply, creditors are not debt collectors and are not subject to the FDCPA. *See id.* [3]

---

[2] The FDCPA defines "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. §1692(a)(5).

[3] A "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed."  15 U.S.C. §1692(a)(4).

5

This limited definition of "debt collector" meshes with the Act's intent. "The FDCPA was passed to protect innocent consumers from deceptive or harassing actions taken by debt collectors." *Ramos v. Bobell Co.,* 2003 WL 22725340 (S.D.N.Y. Nov. 20, 2003), quoting *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002). Congress intended to prohibit all debt collection practices which could be characterized as unfair, including communication with acquaintances of the consumer, telephone calls made at unreasonable hours, abusing statements, threats of violence, and false or misleading representations. *See e.g., Jenkins v. Heintz,* 25 F. 3d 536, 538 (7th Cir. 1994). To that end, the statute "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specific rights." *Id.* at *2, quoting *Kropelnicki*, 290 F. 3d at 127.

Congress excluded creditors from the FDCPA believing that creditors were likely to avoid abusive debt collection tactics in order to protect their corporate goodwill and reputation. *See Aubert v. AM. Gen. Fin., Inc.,* 137 F. 3d 976, 978 (7th Cir. 1998).[4] Since the focus is the creditor's corporate goodwill, "a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, [rather,] it can use the 'name under which it usually transacts business, or a commonly-used acronym,' or any name it has used from the inception of the credit relation." *Maguire,* 137 F. 3d at 235 (quoting *Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act,* 53 Fed. Reg. 50097, 50107 (1988) (hereinafter, "Official FTC Commentary"); citing *Dickenson v. Townside T.V. & Appliance, Inc.,* 770 F. Supp. 1122, 1128 (S.D. W. Va. 1990)).

---

[4] *See also* S. Rpt. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (hereinafter, "S. Rpt. No. 95-382") ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them").

6

The Official FTC Commentary on the FDCPA explains that a creditor/corporation's collections unit that uses the creditor/corporation's goodwill is *not* a debt collector. Specifically, it states, "a creditor is a debt collector for purposes of the Act if . . . the creditor's collection's division is not clearly designated as being affiliated with the creditor; *however, the creditor is not a debt collector if the creditor's correspondence is clearly labeled as being from the 'collections unit of the [creditor's name]' since the creditor is not using a name other than its own in that instance.*"  Official FTC Commentary, 53 Fed. Reg. at 50102 (emphasis added; brackets in original). Therefore, a creditor's in-house collection division is not considered a debt collector so long as "it collects its own debts in the true name of the creditor or a name under which it has consistently done business." *Id*.

If the creditor "uses a name other than its own," a creditor or its in-house collections division may become subject to the FDCPA. 15 U.S.C. §1692(a)(6). However, that name must "indicate that a third person is collecting or attempting to collect" the debt. *Id*. "[A] creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else, or uses a pseudonym or alias." *Maguire,* 147 F. 3d at 235 (citation omitted).

        2.        **The Applicable Substantive Legal Standard**

When evaluating potential violations of the FDCPA, including whether a creditor can be deemed a debt collector under the Act, courts apply the "least sophisticated consumer" standard. This standard is an objective one based on whether the least sophisticated consumer would be deceived by the collection practices at issue. *See Jeter v. Credit Bureau, Inc.,* 760 F. 2d 1168, 1172 (11th Cir. 1985). Such an objective standard is "designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability

for 'bizarre or idiosyncratic interpretations.'" *Maguire,* 147 F. 3d at 236, quoting *Clomon v. Jackson,* 988 F. 2d 1314, 1318-20 (2d Cir. 1993). "In applying this objective standard, courts assume that the *entire content of the notice* was read by the consumer." *Martinez v. Law Offices of David J. Stern, P.A.,* 266 B.R. 523, 532 (S.D. Fla. 2001)(emphasis added). Even the least sophisticated consumer, however, "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon,* 988 F. 2d at 1319. Thus, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Shapiro v. Dun & Bradstreet Receivable Mgm't Servs., Inc.,* 59 Fed. Appx. 406, 408 (2d Cir. 2003), quoting *Clomon,* 988 F. 2d at 1319.

### 3. LabCorp is not a "Debt Collector" as a Matter of Law

In the Complaint, Plaintiff asserts that LabCorp "is a 'debt collector' as defined by the FDCPA, 15 USC §1692a(6)." (Amd. Complaint, ¶7). Indeed, unless LabCorp is a "debt collector" under the FDCPA, Plaintiff cannot recover for alleged violations of the FDCPA. *See Kaplan,* 88 F. Supp. 2d at 1360-61.

Notwithstanding Plaintiff's allegations, her Amended Complaint makes clear that LabCorp is not a "debt collector" under the FDCPA.[5] To be sure, Exhibits A and B plainly contradict the assertion that LabCorp is a "debt collector." Again, both exhibits clearly came from LabCorp, acting as a creditor attempting to collect its own debt. *See Bleich,* 239 F. Supp. 2d at 264 (holding that the defendant hospital could not "be held liable as a bill collector . . . [because] it attempted to collect its own debt and not, as required by the FDCPA, a debt owed to another"). The stationary headings on the two invoices sent to Plaintiff in September and

---

[5] In fact, the Southern District of Florida, as the court that most recently considered whether communications from LABCORP, purporting to collect debts of LabCorp, violated the FDCPA, held that LabCorp is not a "debt collector" as defined by the FDCPA. *See* Order, attached as **Exhibit A**.

October 2009 state that the notices are from "LCA Collections: *A Division of Laboratory Corporation of America.*" (Ex. A, B; emphasis added). Any claim by Plaintiff that the use of the "LCA Collections" name suggested that the two notices had come from a third party collector is disingenuous, at best. Certainly, even the least sophisticated consumer who took any care whatsoever to review the invoices would have recognized that LCA Collections is the in-house collections division of Laboratory Corporation of America, as explicitly stated in the notices.[6]

*Meads v. Citicorp Credit Servs., Inc.,* 686 F. Supp. 330 (S.D. Ga. 1988), is instructive in this regard. In *Meads*, Citibank and its collection division, Citicorp Credit Service, Inc. ("CCSI"), sent several letters trying to collect on a debt. Some of the collection letters included in the caption "Citicorp Credit Service, Inc., a division of Citicorp" and included "Citibank" at the bottom of the stationary. *Id*. at 331-32. Other collection letters were on CCS Collection Group stationary and included a prominent graphic stating: "A Division of Citicorp Credit Services, Inc." *Id.* at 332. The *Meads* court determined that this situation was "precisely one sought to be excluded under [the §1692(a)(6)(B) creditor exclusion], and that neither Citibank nor CCSI are subject to" the FDCPA. *Id*. at 333-34 (determining that neither Citibank nor CCSI are "debt collectors" under the Act). As *Meads* makes clear in this case, by labeling LCA Collections "A Division of Laboratory Corporation of America," LabCorp cannot be said to be "using a name other than its own" and "is not a debt collector." *See id.*

The Official FTC Commentary is in accord. According to the FTC, a creditor is not a "debt collector" when it collects a debt through its in-house collections unit and the correspondence is clearly labeled as being from the "collections unit of the [creditor's name]."

---

[6] Although Plaintiff claims (erroneously) that she underwent laboratory testing by Dianon Systems on July 14, 2009, the crux of her complaint is not that LCA was misleadingly representing Dianon, but rather, that LCA was misleadingly representing LabCorp. The fact that she knew her testing had gone through LabCorp and is confining her allegations to the LCA-LabCorp relationship, rather than any putative Dianon-LCA relationship, is further evidenced by the fact that she did not sue Dianon. She sued only LabCorp. Moreover, she has not alleged that she did not receive the July 14, 2009, services reflected in the LCA-LabCorp invoices, which she would have done if she genuinely believed Dianon played any role in this process. Accordingly, this Court may disregard Plaintiff's errant reference to Dianon in paragraph 8 of the Amended Complaint and consider only whether the use of the LCA moniker on the two invoices gave the impression that they had come from a third-party collector on LabCorp's behalf.

9

Official FTC Commentary, 53 Fed. Reg. at 50102.  LabCorp, through LabCorp, has done exactly what the FTC commentary contemplates and permits by labeling its correspondence as having come from "LCA Collections: A Division of Laboratory Corporation of America."

The stationary heading "LCA Collections: A Division of Laboratory Corporation of America" featured on both letters attached to the Amended Complaint also comports with the reason Congress did not include "creditors" or their in-house collection units as "debt collectors" under the FDCPA.  By using the acronym "LCA," which is easily and logically associated with Laboratory Corporation of America, and by explicitly stating that LCA is a "Division of Laboratory Corporation of America," LabCorp has put its corporate name, reputation, and goodwill at stake.  It has clearly communicated that it is collecting its own debts and that the consumer is not dealing with a third-party debt collector.  Congress has determined that this use of the "LCA" acronym sufficiently constrains LabCorp's collection practices such that it cannot be deemed a "debt collector" for the purposes of the FDCPA.  *See Aubert,* 137 F. 3d at 978; S. Rpt. No. 95-382.

Although Plaintiff may suggest that LabCorp has attempted to use a name other than its own to collect Plaintiff's debt, Exhibits A and B definitively establish otherwise.  Cases in which a creditor uses a name other than its own are only actionable under the FDCPA where the creditor entirely "pretends to be someone else or uses a pseudonym or alias." *Maguire,* 147 F. 3d at 235, quoting *Villarreal v. Snow,* 1996 WL 473386 at *3 (N.D. Ill. Aug. 19, 1996).  In *Magiure*, the Second Circuit found that Citicorp Retail Services, Inc., was using a name other than its own when it attempted to collect a debt through a debt collection unit simply called "Debtor Assistance." *Id.* at 234.  Although the letter to the debtor did include a single reference to the acronym "CRS," "the cryptic reference . . . was buried in the body of the letter's text." *Id.*

at 237.  *See also Lester E. Cox. Medical Centers v. Huntsman,* 2003 WL 22004998 (W.D. Mo. Aug. 5, 2003) (holding that Cox Medical Centers has attempted to collect a debt under a different name in using the name "Ozark Professional Collections" to collect debts).  At the same time, regardless of the name under which the debt is sought to be collected, FDCPA liability does not arise when the relationship between the collection entity and the corporate creditor is apparent. *Cf. Young v. Lehigh Corp.,* 1989 WL 117960, *22 (N.D. Ill. 1989)(finding that plaintiff could not have been "duped into believing that Lehigh Corporation was not affiliated with Lehigh Country Club, Inc.").  *See also Karp v. Siegel,* 1998 WL 314769, *4 (S.D.N.Y. June 12, 1998)(holding that attorney's stationary, which stated below his name "American Express Travel Related Services Company, Inc." and at the bottom of the letter stated "An American Express Company" unambiguously showed an affiliation between the attorney and American Express, and therefore, he could not be a "debt collector").

Here, the nature of the LCA acronym and the ubiquitous use of "Laboratory Corporation of America" in LabCorp's notices to Plaintiff, which are attached as Exhibits A and B, make it readily apparent to even the least sophisticated consumer that LCA Collections is related to Laboratory Corporation of America.  In addition, the notices sent to Plaintiff contained other indicia to demonstrate to the least sophisticated consumer that s/he was dealing with LabCorp. Both included detachable payment coupons listing the same payment address.  The payment coupons also listed an internet address for web payment options that is clearly related to LabCorp: www.**LabCorp**.com/billing.  Moreover, both exhibits stated that "LabCorp reserves the right to refuse laboratory services for failure to pay for past services," indicating that the billing was related to LabCorp.  Both provided a telephone number to call – 1-800-845-6167 (Ex. A) and 1-8-77-273-9905 (Ex. B) – which, if called, is answered with a recording that starts,

11

"Thank you for calling LabCorp Patient Customer Service." Additionally, Exhibit B specifically informed Plaintiff that "It is not our wish to have this matter handled as a collection issue," which indicated that the letter had not come from a third party collector. *See e.g. Maguire,* 147 F. 3d at 237 (holding that the use of the phrase "will be reported" in a letter "supports an inference that, since the account may be reported to a collection agency, [the putative debt collector] is not such an agency"). Even the least sophisticated consumer would reasonably infer from this text that LCA Collections is the collections unit of LabCorp.

*Button v. GTE Service Corp.,* 1996 WL 943904 (W.D. Mich. Oct. 15, 1996), is instructive in this regard. In *Button*, GTE Service Corporation had used the name "National Credit Management Center" to collect its own debts. On a motion to dismiss, the court determined that, "in light of the course of communications, the stationary letterhead used, the return address on the envelopes, the address to which payment was to be returned, and the text of the correspondence," the relatedness of GTE Services Corporation and National Credit Management Center was apparent. The court explained that "even the least sophisticated consumer, who is able to read, and is presumed to have read the notices with some caution, would be able to determine that National Credit Management Center is part of or related to defendant GTE Service Corporation, not a third-party debt collector or collection agency." *Id.* at *2. The *Button* court determined that any "contrary conclusion could only be fairly characterized as idiosyncratic or the product of carelessness." *Id.*

In sum, the nature of the acronym associated with LabCorp's collection division (LabCorp), the internet address, the phone numbers, and the identical payment addresses disprove any suggestion that the least sophisticated consumer could believe that either of the invoices to Plaintiff attached as Exhibits A and B could have come from anyone other than

12

LabCorp itself.[7]  Further, when this information is considered in conjunction with the unambiguous letterhead on the two invoices at issue, it defies all notions of credibility for a consumer who read such notices to claim that she reasonably believed that the notices came from anyone other than LabCorp.

For all these reasons, Plaintiff cannot legitimately allege that LabCorp is a "debt collector" under the FDCPA and, thus, cannot set forth any claim against LabCorp for violating any aspect of the FDCPA.  Counts I and II of the Complaint should be dismissed with prejudice.

### 4. LabCorp did not violate 15 U.S.C. §1692j

In an effort to circumvent the fact that LabCorp is not a debt collector, Plaintiff has attempted to allege a violation of 15 U.S.C. §1692j(a), which makes it unlawful for any person to

> design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(*See* Amd. Complaint, ¶20(g)).  Plaintiff's §1692j claim must be dismissed for failure to state a cause of action because (a) the underlying provision of the FDCPA does not apply to LabCorp, a creditor using its own forms to collect its own debt, and (b) the invoices about which Plaintiff complains created no "false belief" that some third-party was involved in collecting her debt.

First, for a defendant to have violated §1692j, it must have designed, compiled, *and furnished* or given the allegedly deceptive forms to someone knowing that the person or entity to whom the forms were furnished would in turn use them to make it appear to a consumer that a third party debt collector was attempting to collect the underlying obligation.  *See, Gutierrez v.*

---

[7] Though Plaintiff suggested, in her now-moot Response in Opposition to LabCorp's Motion to Dismiss the Complaint (Docket 13, at p. 7), that LabCorp's intent in using the LCA Collections name is somehow relevant, "Congress took care to require an element of knowledge or intent [only in the] certain portions of the FDCPA where it deemed such a requirement necessary," such as with violations of §1692d(5) ("with intent to annoy"), §1692c ("known or which should be known").  *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355 (S.D. Fla. 2000).  Similar language is glaringly absent from the FDCPA's definition of "debt collector," and need not be considered here.  15 U.S.C. §1692(a)(6).

*AT&T Broadband, LLC,* 382 F. 3d 725, 735 (7th Cir. 2004), (emphasis in original); *Crenshaw v. Computex Info. Srvcs., Inc.,* 2010 WL 2951506 (D.N.J. July 21, 2010). As such, the clear language of the statute requires two parties to be involved in the offending collection activity — a creditor or user of the form, on the one hand, and the maker of the offending form, on the other.

Indeed, the "primary purpose behind §1692j is to prevent actual debt collectors from hiring out their names or form dunning letters to creditors, who in turn complete the forms and send them to consumers to make it appear that a collection agency is attempting to collect a debt when that is in fact not the case. *Gutierrez,* 382 F. 3d at 734-6. This practice is generally called "flat-rating." *Id.* "'The classic 'flat-rater' effectively sells his letterhead to the creditor, often in exchange for a per-letter fee, so that the creditor can prepare its own delinquency letters on that letterhead. Use of a third party's letterhead gives the delinquency letters added intimidation value, as it suggests that a collection agency or some other party is now on the debtor's back.'" *Gutierrez,* 382 F. 3d at 734-35, quoting *Nielsen v. Dickerson,* 307 F. 3d 623, 633 (7th Cir. 2002).

Because the "flat rater" does not undertake any actual collection activity, it is not liable for any defects with the letter or the collection process under the FDCPA. Likewise, because the creditor or sender of the letter is typically not a "debt collector," its liability under the FDCPA is questionable. Accordingly, §1692(j) fills the liability gap into which the practice of "flat rating" falls. *See generally Anthes v. Transworld Sys., Inc.,* 765 F. Supp. 162, 168 (D. Del. 1991)

In other words, while the classic "debt collector" has some involvement in the effort to collect a creditor's debt, "the premise of liability under §1692j . . . is that the 'flat-rater' is *not* involved in debt collection." *Nielsen*, 307 F. 3d at 339-40 (emphasis in original). To be sure, courts have held that "liability as a debt collector forecloses liability as a flat-rater." *Id.* at 340, citing *Randle v. GC Servs. L.P.,* 48 F. Supp. 2d 835, 841 (N.D. Ill 1999); *Anthes,* 765 F. Supp. at

14

168 (noting that "in situations where a debt collector uses deceptive forms obtained from a flat-rater, other provisions of the FDCPA would apply to impose liability on the debt collector . . . a defendant can be a 'debt collector' or a 'flat-rater' but not both").

Not only is §1692j limited to flat-raters uninvolved in the underlying debt collection, but also, it "only applies to situations [where] a third party provides a creditor with dunning letters. This is clear from both the language of the statute and the legislative history." *Anthes*, 765 F. Supp. at 168

In this case, LabCorp is not alleged to have engaged in flat-rating, to have been uninvolved in the attempt to collect the debt, or to have been a third party debt collector providing dunning letters to a creditor, all of which are necessary to establish liability under §1692j. As a practical matter, LCA Collections is a division of LabCorp, as indicated on the face of Exhibits A and B, so LabCorp was merely attempting to collect one of its own debts. It is not a third party to the debt owed to it by the consumer (Plaintiff in this case). Accordingly, LabCorp cannot be said to have engaged in flat rating or any similar practice, or violated §1692j. It was simply engaged in efforts to collect its own debt, using its own "homemade" forms, without any third party assistance.[8]

Even if the Court sets aside all considerations regarding to whom §1692j was meant to apply, Plaintiff's §1692j claim must fail. Under the "least sophisticated consumer" standard described above, Plaintiff has failed to identify how Exhibits A and B created any "false belief" that entities other than LabCorp were trying to collect the debt. *See Anthes,* 765 F. Supp. at 168; *Wade v. George,* 2010 WL 2306694 (W.D. Ky. June 7, 2010). Indeed, the very invoices of

---

[8] Indeed, Plaintiff seems to be misconstruing the statute. If Plaintiff had wanted to implicate the practice of flat-rating, then she would have sued LCA Collections, alleging that it had provided letterhead for LabCorp to use in deceiving and intimidating debtors into believing that a third-party collection agency was involved in their accounts.

15

which she complains effectively defeat any allegation or argument that the LCA invoices were used by LabCorp to create a "false belief" that a third-party was trying to collect the debt.

First, the "LCA" name appears on Plaintiff's invoices in only two spots – on the letterhead and on the payment coupon, as the addressee to whom payment may be sent. All other references in the invoices are to LabCorp. These two references to LCA, without more, are insufficient to support a violation of §1692j. *See Gutierrez,* 382 F. 3d at 736 (finding "no case law that would support a finding that permitting two such pieces of information [i.e., a name and address] to appear on a bill designed, compiled, and furnished by a creditor amounts to a violation of §1692j").

Even the least sophisticated consumer, who is presumed to have read the "entire content of the notice," would not have haphazardly disregarded the multiple references to LabCorp *Martinez,* 266 B.R. at 532. On the invoices attached as Exhibits A and B, the letterhead starts with the "LCA Collections" name, but immediately states - *explicitly* and directly underneath "LCA Collections" - that LCA Collections is "A Division of Laboratory Corporation of America." Both invoices state that "Web Payment Options are Available At: www.**labcorp.com**/billing," and that "LabCorp reserves the right to refuse laboratory services for failure to pay for past services," to indicate that the billing was related to LabCorp. Both invoices provide a telephone number to call – 1-800-845-6167 (Ex. A) and 1-8-77-273-9905 (Ex. B) – which, if called, is answered by a recording that starts, "Thank you for calling LabCorp Patient Customer Service." Additionally, Exhibit B specifically informs Plaintiff that "It is not our wish to have this matter handled as a collection issue," which indicates that the debt was *not yet* a collection issue and, so, the invoice had not come from a third party collector. Even the

least sophisticated consumer should reasonably have inferred from this text that LCA Collections is the collections unit of LabCorp and not a third-party.

Where a plaintiff fails to allege facts from which it can be established that the defendant has "create[d] the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor," as our Plaintiff has failed do here, the complaint should be dismissed pursuant to Rule 12(b)(6). *Wade,* 2010 WL 2306694 (construing a motion to dismiss to be a motion for judgment on the pleadings, but granting it nonetheless under the Rule 12(b)(6) standard). *See also Anthes,* 765 F. Supp. at 168 (granting defendant's motion for summary judgment on plaintiff's §1692j claim because the letter at issue "did not create any 'false belief' that parties other than the creditor were trying to collect" the debt).

### D. *Plaintiff's Attempt to Certify a Class Based on LabCorp's Putative Violations of the FDCPA Must Also be Dismissed*

Plaintiff's attempt to certify of class of persons based on LabCorp's putative violation of the FDCPA must also be dismissed. Rule 23(a), Fed. R. Civ. P., states that certification of a class action is authorized

> Only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims of defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In conjunction with the analysis of these factors, the law is well settled that "a person without a claim 'cannot represent a class who may have claims.'" *Kaser v. Swann,* 141 F.R.D. 337, 341 (M.D. Fla. 1991) (holding that plaintiffs did not have standing to bring a class action because

they themselves had no claim against the defendants), quoting *Walker v. Jim Dandy Co.,* 97 F.R.D. 505, 507 (N.D. Ala. 1983).  Indeed,

> A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone – not for himself, and not for any other member of the class.

*Griffin v. Dugger,* 823 F. 2d 1476, 1482-83 (11th Cir. 1987), citing *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974)(holding that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").

Because, as a matter of law, LabCorp was not a "debt collector" under the FDCPA, Plaintiff has no claim or controversy with LabCorp.  Accordingly, Plaintiff cannot establish the minimum requisites to class certification and cannot represent the class she attempts to certify.  Her attempt to certify a class, as addressed in Counts III and IV of the Complaint, must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant, Laboratory Corporation of America, respectfully requests that this Court dismiss the Complaint, in its entirety, with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**


 //s//  Ashley E. Swink
*Attorneys for Defendant, Laboratory Corporation of America*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 20, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

  James D. Patterson (PATTJ6485)
  Kenneth J. Riemer (RIEMK8712)
  Underwood and Reimer
  166 Government Street, Suite 100
  Mobile, Alabama 36602
  <jpatterson@alalaw.com>
  *Attorneys for Plaintiff*

             //s// Ashley E. Swink_____
             Attorney