UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA MAHAN, | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| VS. | * | Case No: 2010-426-KD-M |
| | * | |
| LCA COLLECTIONS, | * | |
| | * | |
|    Defendant. | * | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO LABORATORY CORPORATION OF AMERICA'S MOTION TO DISMISS**

Defendant, LCA Collections, a division of Laboratory Corporation of America ("LabCorp"), hereby replies to Plaintiff's Response in Opposition to Defendant's Second Motion to Dismiss (the "Response"). In its Motion to Dismiss, LabCorp raised four primary points – (1) that, as a creditor of Plaintiff, it is not subject to the Fair Debt Collection Practices Act ("FDCPA") which applies only to statutorily defined "debt collectors"; (2) that the attempts made to collect the debts at issue were made in its own name, rather than in such a way as to implicate third-party involvement, (3) that it could not be said to have violated 15 U.S.C. §1692j(a), which prohibits a very specific type of activity undertaken by someone aiding and abetting the collection of a debt by another; and (4) that Plaintiff's attempt to certify a class was unauthorized.  Because Plaintiff's Response squarely addressed only argument two, the perceived third-party involvement, LabCorp responds only to Plaintiff's arguments on that issue.

First, contrary to Plaintiff's suggestion, this Court is authorized to decide, on a motion to dismiss, that LabCorp is not a "debt collector" under 15 U.S.C. §1692(a)(6).  The FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [t]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include . . . any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control.

15 U.S.C. §1692(a)(6), (b).

As explained above, it is plain that LabCorp is not a debt collector. Accordingly, the only point of dispute appears to be whether LabCorp, which sent Plaintiff invoices from its own in-house collections division (LCA Collections), used a name other than its own which would indicate third-party or debt collector involvement. Although the fact that LCA Collections was clearly identified on the face of each invoice as being from "LCA Collections: *A Division of Laboratory Corporation of America*" (Ex. A, B; emphasis added), Plaintiff cites a string of cases, starting on page 11 of the Response, putatively standing for the proposition that only a jury may determine whether the "least sophisticated consumer" would reasonably believe that the invoices at issue implicated third-party involvement in the collection of the underlying debt.

Plaintiff's argument fails for two reasons. First, none of the cases cited by Plaintiff present factual situations even remotely similar or nearly as stark as those present in this case. Not one of those cases involve a creditor whose disputed communication literally stated on its face that it had come from the creditor, or a division of the creditor, itself. Rather, the courts' disinclination to grant summary judgment in the cases referenced in the Response largely

    a)    stem from detailed, confusing factual scenarios in which the communication at issue appeared to have been silent as to the relationship between the creditor and the party

2

attempting to collect the debt (*see e.g. Sheldon v. Unum,* 2006 WL 1288774 (D. Neb. May 9, 2006), *Sabeta v. Baptist Hospital of Miami, Inc.,* 410 F. Supp. 2d 1224 (S.D. Fla. 2005)); or

      b)     relate to factual considerations of substantive FDCPA violations, rather than the preliminary determination of whether the defendant qualified as a "debt collector" (*see e.g. Gaalswyk-Knetzke v. Receivable Management Services Corp.,* 2008 WL 222483 (M.D. Fla. May 27, 2008), *Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006), *LeBlanc v. Unifund CCR Partners,* 601 F. 3d 1185 (11th Cir. 2010)).[1]

In contrast, LabCorp presented two instructive, analogous cases in its Motion to Dismiss which are worth re-visiting here: *Button v. GTE Service Corp.,* 1996 WL 943904 (W.D. Mich. Oct. 15, 1996), and *Meads v. Citicorp Credit Servs., Inc.,* 686 F. Supp. 330 (S.D. Ga. 1988). In *Button*, GTE Service Corporation had used the name "National Credit Management Center" to collect its own debts. *On a motion to dismiss*, the court determined that, "in light of the course of communications, the stationary letterhead used, the return address on the envelopes, the address to which payment was to be returned, and the text of the correspondence," the relatedness of GTE Services Corporation and National Credit Management Center was apparent. *Id.* at *1. The Court agreed that "it is not the mere use of another name that would subject [a creditor to the Act], but the use of another name in such a way to mislead plaintiff." *Id.* at *2. The court

---

[1] Plaintiff cited only two cases in the Response in which the court denied either a motion summary judgment or a motion to dismiss as to whether the defendant was a "debt collector" under the FDCPA. Neither one should affect this Court's analysis. In *Goslee v. Franklin Mint Corp.*, 1998 WL 151807 (E.D. Pa. Mar. 31, 1998), the court denied a motion for summary judgment in a one page opinion that provides no facts or background from which this Court may determine whether this case is may be fairly said to be analogous. In *Carlson v. Long Island Jewish Medical Center,* 378 F. Supp. 2d 128 (E.D.N.Y. 2005), the court denied a motion to dismiss and provided sufficient facts from which to determine that the medical billing case is distinguishable from the instant case – that is, that the creditor hospitals (the Long Island Jewish Medical Center and the North Shore University Hospital in Manhasset, North Shore – Long Island Jewish Health System, Inc.) billed patients through an entity known as "Regional Claims Recovery Service" or "RCRS". Though not discussed in detail in the opinion, the relationship between the defendant hospitals and RCRS is not clear and may suggest third-party involvement. The case cannot be fairly compared to the instant case, however, where the relationship between LabCorp and LCA Collections was explicitly stated on the invoices and where the "LCA" acronym bears a clear relationship to Laboratory Corporation of America.

explained that "even the least sophisticated consumer, who is able to read, and is presumed to have read the notices with some caution, would be able to determine that National Credit Management Center is part of or related to defendant GTE Service Corporation, not a third-party debt collector or collection agency." *Id.* at *2. The *Button* court determined that any "contrary conclusion could only be fairly characterized as idiosyncratic or the product of carelessness." *Id.* (noting also that the *Button* plaintiff had not even alleged that she was actually misled by the subject letters).[2]

Similarly, in *Meads,* Citibank and its collection division, Citicorp Credit Service, Inc. ("CCSI"), sent several letters to the plaintiff trying to collect on a debt. The collection letters that were sent on Citibank Preferred Visa stationary included in the caption "Citicorp Credit Service, Inc., *a division of Citicorp,*" with the name "Citibank" appearing at the bottom of the stationary. *Id*. at 331-32 (emphasis added). Other collection letters were sent on CCS Collection Group stationary and included a prominent graphic stating: "A Division of Citicorp Credit Services, Inc." *Id.* at 332. The *Meads* court determined, on summary judgment, that this situation was "precisely one sought to be excluded under [the FDCPA], and that neither Citibank nor CCSI are subject to" the Act. *Id*. at 333-34 (determining that neither Citibank nor CCSI are "debt collectors" under the Act and noting that the Act appears to be directed at independent debt collectors, citing *Kimber v. Fed. Fin. Corp.,* 668 F. Supp. 1480 (M.D. Ala. 1987)).

Contrary to Plaintiff's suggestion, there is no blanket rule prohibiting this Court from granting LabCorp's Motion to Dismiss. Indeed, where the communications to the debtor are clear, there is no rule requiring the Court to reserve for the jury the question of whether, to a least sophisticated consumer, third-party involvement may have been suggested. *See e.g. Sims v. GC*

---

[2] Notably, our Plaintiff has also failed to allege that she was actually misled or confused by the invoices she received from LabCorp. *See First Amended Complaint*, Docket 12.

4

*Services, L.P.,* 445 F. 3d 959, 963 (7th Cir. 2006)(explaining that a triable issue of fact exists under the FDCPA only "if the collection letter is confusing or unclear on its face").  In addition to *Button* and *Meads*, which are factually on point, there are any number of additional cases in which the Court has determined, either on a motion to dismiss or a motion for summary judgment, that the defendant was not a debt collector under the FDCPA.  *See e.g., Prince v. NCO Financial Services, Inc.,* 346 F. Supp. 2d 744 (E.D. Pa. 2004)(recognizing that "whether a defendant is a 'debt collector' as defined by the FDCPA is a question of law appropriate for resolution on summary judgment" and citing a string of cases in which courts decided that defendants were not debt collectors); *Reynolds v. Gables Residential Services, Inc.,* 428 F. Supp. 2d 1260 (M.D. Fla. 2006), *Quale v. Unifund CCR Partners,* 2010 WL 1417903 (S.D. Ala. Jan. 29, 2010), *McCready v. Ebay, Inc.*, 453 F. 3d 882 (7th Cir. 2006).

For the foregoing reasons, Defendant, LabCorp, respectfully requests that this Court dismiss the First Amended Complaint, in its entirety, with prejudice.  All the material facts relating to whether LabCorp is a debt collector are fully set forth in the operative complaint and its attachments, and it is clear from the pleadings that Plaintiff has not, and cannot, state a cause of action against LabCorp.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Ashley E. Swink*

ASHLEY E. SWINK          SWINA6234
*Attorneys for Defendant, Laboratory Corporation of America.*

**OF COUNSEL:**
**PHELPS DUNBAR LLP**
Post Office Box 417
Gulf Shores, AL 36547
(251) 967-4481

5

PD.4533398.1

Ashley.Swink@phelps.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> James D. Patterson
> Earl Underwood
> Underwood and Reimer
> 166 Government Street, Suite 100
> Mobile, Alabama 36602
> jpatterson@alalaw.com
> eunderwood@alalaw.com
> *Attorney for Plaintiff*

>> */s/ Ashley E. Swink*
>> ASHLEY E. SWINK