IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Erica Mahan,

    Plaintiff,

v.                                                                CIV. ACTION NO. 10-00426-KD-M

Laboratory Corporation of
America, d/b/a "LCA Collections,"

    Defendant.

### ORDER

This matter is before the Court on the motion of Laboratory Corporation of America, d/b/a "LCA Collections," to dismiss the complaint. (Doc. 17).[1] Upon consideration the motion is **GRANTED**.

Plaintiff, Erica Mahan, alleges that the Defendant, Laboratory Corporation of America, d/b/a "LCA Collections" (hereinafter "LabCorp"), violated the Fair Debt Collection Practices Act (FDCPA) in the manner they sent past due notices for the $145.72 she owed to LabCorp for laboratory work requested by her physician. Mahan alleges that the FDCPA was violated because the correspondence misled her to believe that an entity other than LabCorp was attempting to collect the debt owed to LabCorp. Specifically, Mahan alleges that the correspondence violated 15 U.S.C. § 1692e (prohibiting false or misleading representations by debt collectors), 15 U.S.C. § 1692g (requiring debt collectors to send certain notices within five days of initial communication with a debtor) and 15 U.S.C. § 1692j (prohibiting any person from

---

[1] A report and recommendation was issued by the magistrate judge and was considered by the undersigned. (Doc. 26). The Court does not adopt the report and recommendation.

1

designing a form that creates a false belief in the consumer that a third party is participating in collecting the debt).

LabCorp argues that it is obvious from the past due notices at issue, which were attached to Mahan's amended complaint, that Mahan can prove no facts to support her claim that LCA Collections is a debt collector subject to the FDCPA. Mahan responds that whether LabCorp should be considered a debt collector for purposes of the FDCPA is a question of fact for a jury.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Also, although a complaint need not contain "detailed factual allegations," it must include enough facts "to raise a right to relief above the speculative level, . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)[.]" Twombly, 550 U.S. at 555 (2007).

Under the FDCPA, § 1692e and § 1692g govern conduct by "debt collectors." A debt collector is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Generally, creditors do not qualify as debt collectors. However, a creditor or its in-house collection division becomes subject to the FDCPA if the creditor, "in the process of collecting

his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id. "Although a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, it should use the 'name under which it usually transacts business, or a commonly-used acronym[.]'" Maguire v. Citicorp Retail Servs., Inc. 147 F.3d 232, 235 (2d Cir. 1998) (quoting Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988)).

On the heading of the past due notices, the creditor, LabCorp, printed in large orange letters the name "LCA COLLECTIONS" and underneath in smaller black letters stated "A Division of Laboratory Corporation of America." (Doc. 12 at 10). Also, the notice indicated to make the check or money order payable to LCA and gave the web address of www.labcorp.com/billing for payment via the internet. (Id.). Mahan relies on these facts in her complaint and argues that this notice was deceptive and led her to believe that an entity other than LabCorp was attempting to collect the debt.

In Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985), the court held that whether a communication is deceptive in violation of § 1692e is evaluated from the perspective of the "least sophisticated consumer." The standard of the least sophisticated consumer has not been specifically extended by the Eleventh Circuit to the issue of whether a creditor should be treated as a debt collector under § 1692a(6), but the Second Circuit has done so convincingly. Maguire, 147 F.3d at 236 ("The question we must answer is whether, under the least sophisticated consumer standard, a consumer would be deceived into believing that the letter at issue was not from Citicorp, but was from an unrelated third party, Debtor Assistance, even though Citicorp and Debtor Assistance are in fact related."). Moreover, it appears that the parties

agree that the least sophisticated consumer is the correct standard to be applied.

When analyzing the notice to determine whether Mahan's claim that LCA Collections should be considered a debt collector is plausible on its face, the Court must presume "that the 'least-sophisticated consumer' possesses a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Hepsen v. Resurgent Capital Servs., LP, 383 Fed. Appx. 877, 881(11th Cir. 2010). A review of the notice leads to the conclusion that the only consumer who could be duped into thinking this notice was from a third person attempting to collect LabCorp's debts is a consumer who carelessly read the notice. While the notation that LCA is a division of Laboratory Corporation of America is in smaller print, it is hardly hidden or deceptive; it is at the top of the page directly below "LCA COLLECTIONS." Thus, because LabCorp did not use a name other than its own, it is not considered a debt collector under the FDCPA. (See Doc. 27-1 (Obando v. Lab. Corp. of Am., Case No. 10-20253-CIV-MORENO (S.D. Fla. May 4, 2010) (reaching same conclusion))). Moreover, even without the clarification directly under the heading, the least sophisticated consumer could figure out that LCA was an obvious acronym for Laboratory Corporation of America. Accordingly, the Court finds that the complaint fails to include enough facts to raise a right to relief, pursuant to 15 U.S.C. §§ 1692e and 1692g, above the speculative level.

Mahan also claims that LabCorp is liable pursuant to 15 U.S.C. § 1692j, which is labeled "Furnishing certain deceptive forms" and provides:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

This section applies to any person, regardless of whether they meet the FDCPA definition of a debt collector. The provision was directed at a practice known as "flat-rating." See Nielsen v. Dickerson, 307 F.3d 623, 639 (7th Cir. 2002). ("This provision bars the practice commonly known as 'flat-rating,' in which an individual sends a delinquency letter to the debtor portraying himself as a debt collector, when in fact he has no real involvement in the debt collection effort; in effect, the individual is lending his name to the creditor for its intimidation value, often in exchange for a 'flat' rate per letter."). However, it also applies, by a plain-meaning interpretation, more narrowly to the use of a pseudonym by a creditor. See White v. Goodman, 200 F.3d 1016, 1018 (7th Cir. 2000) ("Conceivably this provision could be read so narrowly as to reach only the case in which the creditor is using a pseudonym; but this reading, as the cases interpreting section 1692a(6) make clear, … is too narrow.")

Mahan alleges that LabCorp sent the notices using the "pseudonym" of LCA Collections. However, Mahan has again failed to allege facts that would support this claim. The notice used the names "LCA COLLECTIONS, A Division of Laboratory Corporation of America" and "LCA." Neither are pseudonyms. Rather, they are at worst obvious acronyms for Laboratory Corporation of America. Accordingly, the motion to dismiss is **GRANTED**.

Done this the 4th day of March, 2011.

    /s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**